J-S56018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHELLE RICHIE N/K/A MICHELLE ALLEN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1447 EDA 2020 |
| GERALD PRENTISS | : | |

Appeal from the Order Entered July 8, 2020,
in the Court of Common Pleas of Northampton County,
Civil Division at No(s):  No. C-48-CV-2018-05633.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                  **FILED:  APRIL 16, 2021**

In this case, Michelle Richie, n/k/a Michelle Allen,[1] appeals from an order granting summary judgment to Mr. Prentiss in a dispute over fire-insurance money for a destroyed rent-to-own property.  However, Ms. Allen does not challenge the trial court's basis for awarding summary judgment; instead, she raises an issue that does not warrant reversal.  We therefore affirm.

In the summer of 2015, Ms. Allen and Mr. Allen got engaged.  Mr. Allen "wanted to get a house [and] had a good relationship with [Mr. Prentiss]." Deposition of Ms. Allen, 10/8/19, at 7.  However, Mr. Allen could not obtain a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] She is actually n/k/a Michelle Rodriguez, but the parties refer to her as "Ms. Allen" in their briefs.  We continue this practice for simplicity's sake.

mortgage from a lending institution. Mr. Prentiss agreed to purchase a home on behalf of the Allens and to hold title "as the mortgage attendee." *Id.*

On September 1, 2015, the Allens and Mr. Prentiss jointly selected a home in Wind Gap, Pennsylvania that Mr. Prentiss bought for $80,000. *See* Ex. A of Complaint at 2. On the same day, he mortgaged the land and entered a rent-to-own lease for the property with the Allens. *See* Ex. B of Complaint at 1. Ms. Allen viewed this rent-to-own lease as their "mortgage." Deposition of Ms. Allen, 10/8/19, at 11. Mr. Prentiss desired tax deductions for two years, so the parties delayed the opening of the purchase option until September 1, 2017. They left the purchase option open until September 1, 2035.

The Allens agreed to pay Mr. Prentiss $752.80 per month. Based on an amortization chart accompanying the lease, the $752.80 went to principal and interest on the mortgage, based upon a $90,000 sales price. *See* Ex. C of Complaint. The Allens also paid Mr. Prentiss $325 per month for property taxes and property insurance, which were in his name. *See* Deposition of Ms. Allen, 10/8/19, at 19.

The contract required the Allens to exercise the purchase option in writing, and it required Mr. Prentiss to hold their monthly payments in trust pending their execution of the option. If the Allens exercised the option, 100% of their prior payments would go toward the $90,000 purchase price. On the other hand, if the option went unexercised, then Mr. Prentiss could retain their prior payments as rent.

The Allens married in October of 2015, but their relationship soured. They soon separated and eventually divorced. On July 18, 2016, Ms. Allen sent Mr. Prentiss the following e-mail:

> Tony [is] taking over [the] house I'm moving out. He take care 680 [sic]. It [is] just not working here. I [will] be out in 2 weeks. Please take all repairs and mortgage payments up with him. Thank you. Sorry for inconvenience. No need [to] call me [I'm] changing my number.

Ex. B of Mr. Prentiss's Motion for Summary Judgment.

Two days later, on July 20, 2015, the house burned down, and the Allens vacated the property. They stopped all payments to Mr. Prentiss. Two weeks after the fire, Mr. Allen disclaimed his rights or interest in the property. ***See*** Ex. C of Mr. Prentiss's Motion for Summary Judgment. Mr. Prentiss collected $215,022.40 in insurance money. He then sold the land for $9,165.

Three years after the fire and nine-and-a-half months after the option to purchase was to open, Ms. Allen sued Mr. Prentiss. She sought the fire-insurance money and the $9,165 from the sale of the vacant land. Ms. Allen asserted two counts in her complaint: unjust enrichment and constructive trust.

The pleadings closed, and the parties engaged in discovery. In early 2020, they filed cross-motions for summary judgment. After oral argument, the trial court entered an Opinion and Order granting summary judgment to Mr. Prentiss. In reaching its decision, the court reviewed the elements of Ms.

Allen's two causes of action and determined she had failed to adduce sufficient evidence to establish the elements of either count.

The court began with unjust enrichment, which is a request that equity imply a contract, even though no contract exists at law. **See Mitchell v. Moore**, 729 A.2d 1200, 1203 (Pa. Super. 1999).[2] The trial court ruled Mr. Prentiss was entitled to judgment as a matter of law on the unjust-enrichment count, because a "cause of action for unjust enrichment may arise only when there is no express contract between the parties." Trial Court Opinion, 7/8/20, at 5 (quoting **Khawaja v. RE/MAX Central**, 151 A.3d 626, 633 (Pa. Super. 2016)). "Here, an express contract existed between [the parties], namely the lease. **For this reason alone**, [Mr. Prentiss] is entitled to summary judgment." **Id.** (footnote omitted) (emphasis added).

The trial court added that, even if the parties' contract did not bar the claim for unjust enrichment, the insurance money and land sale had not unjustly enriched Mr. Prentiss. **See id.** at 5-7. Because the house burned down prior to the purchase option opening, the trial court concluded the lease became impossible to perform post inferno. **Id.** at 6 (citing **Albert M. Greenfield & Co., Inc. v. Kolea**, 380 A.2d 758, 760 (Pa. 1977)). The court opined, "there is no evidence that [Ms. Allen] provided any benefit to [Mr.

---

[2] The elements necessary to establish an unjust-enrichment claim are "(1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." **Mitchell v. Moore**, 729 A.2d 1200, 1203 (Pa. Super. 1999).

Prentiss] after the destruction of the house and the cessation of the landlord/tenant relationship." *Id.* at 7.

Turning to Ms. Allen's second count, constructive trust, the trial court again concluded Mr. Prentiss was entitled to judgment as a matter of law. Citing *Altman v. Kyler*, 221 A.3d 687, 711 (Pa. Cmwlth. 2019), the court correctly said, "A constructive trust may be imposed where a person holds funds subject to an equitable duty to convey them to another because he would be unjustly enriched if permitted to retain them." Trial Court Opinion, 7/8/20, at 7.[3] "For the reasons outlined above, [Mr. Prentiss] was not unjustly enriched." *Id.* at 7-8. Thus, the trial court deemed that "there [was] no need to impose a constructive trust on the insurance proceeds." *Id.* at 8.

_____

[3] "A constructive trust, it has often been said, is not really a trust at all but rather an equitable remedy. Like all remedies in equity, it is flexible and adaptable." *Buchanan v. Brentwood Fed. Sav. & Loan Ass'n*, 320 A.2d 117, 126 (Pa. 1974). "The question whether a constructive trust is to be imposed on the profits earned by the investment by the mortgage [lender] can be resolved only by answering the more fundamental question whether 'the conscience of equity' would conclude that the mortgagees would be unjustly enriched were they permitted to keep the funds." *Id.* at 127. In explaining the "unjustly enriched" portion of the test, the Supreme Court said this is "a general assertion that the ends of public policy and substantial justice demand that a constructive trust be impressed on the earnings. It is well settled that a constructive trust will arise whenever justice or the need for fair dealing warrants it." *Id.* at 128.

"It is rare that the existence or absence of justification for imposing an equitable remedy, especially a constructive trust, can be decided as a matter of law." *Id.* at 127. Because the mortgagers claimed and presented evidence supporting various theories by which constructive trusts might arise (including agency principles and confidential relationships), the *Buchanan* Court reversed the grant of summary judgment to the lenders. However, Ms. Allen made no such claims below, nor does she assert them on appeal.

A timely notice of appeal followed, and Ms. Allen filed a Rule 1925(b) Statement of Errors Complained of on Appeal, where she raised the following three issues:

1. Does a purchase option in a lease survive a fire?
2. Was the Lease with Purchase Option actually an agreement of sale as determined by the conduct of the parties?
3. Does the judicial finding that one provision of a contract cannot be carried out (impossible) void all provisions of a contract?

Ms. Allen's 1925(b) Statement at 2.

The trial court recognized that these issues were insufficient to challenge its reasoning for granting summary judgment to Mr. Prentiss. The court found Ms. Allen's "allegations of error to be misplaced, as she [did] not challenge the foundation of the court's Opinion filed on July 8, 2020, namely that [she could not] support a case of unjust enrichment when an express contract existed between herself and [Mr. Prentiss]." Rule 1925(a) Opinion, 9/9/20, at 3. "The [trial] court also found that [Ms. Allen] could not support her claim for a constructive trust when there was no finding of unjust enrichment." *Id.* The court therefore underscored that Ms. Allen failed to establish the elements of her alleged causes of action.

When deciding whether an appellant has sufficiently conformed her brief and the arguments therein to the Pennsylvania Rules of Appellate Procedure,

"our scope of review is plenary, and our standard of review is *de novo*." **Kronstain v. Miller**, 19 A.3d 1119, 1123 (Pa. Super. 2011).

Rule of Appellate Procedure 2111(a)(4) requires appellants to include in their primary briefs a statement of questions for this Court to resolve. "The statement of the questions involved must state concisely the issues to be resolved . . . No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116.

On appeal, Ms. Allen raises one issue in her statement of questions involved. She asks, "whether a written option to buy real estate expires upon the destruction by fire of the building located on the real property?" Ms. Allen's Brief at 4. This issue does not address the causes of action Ms. Allen alleged in her Complaint or their elements, much less identify evidence of record that establishes those elements. **See id.** at 6-15. In fact, the words "unjust enrichment" never appear in her brief and "constructive trust" appears only once. **See id.** at 6-7 (stating "Mrs. Allen filed a complaint in Northampton County, seeking to enforce[4] the option to buy real property in Northampton County and to establish a constructive trust on fire insurance proceeds which the [Mr. Prentiss] received when the house on the subject property burned.") At this point in her argument, Ms. Allen should have laid out the elements of a constructive trust and cited case law applying that equitable remedy. **See** Note 3, **supra**.

_____

[4] We note that Ms. Allen did **not** file an action for breach of contract or specific performance in equity to enforce the provisions of the rent-to-own lease.

Instead, her appellate argument gets sidetracked on whether the trial court erroneously relied upon ***Greenfield***, ***supra***. The trial court cited ***Greenfield*** for the proposition that the lease became impossible to perform once the fire consumed the house. Ms. Allen claims ***Shaffer v. Flick***, 520 A.2d 50 (Pa. Super. 1987), allows a tenant-optionee to invoke a purchase option after an Act of God destroys a rent-to-own building. ***Shaffer*** held that equitable title to rent-to-own property reverts to the date on which the purchase option arose, even though the optionees invoked the option after a tornado destroyed the rented structures. Ms. Allen therefore correctly interprets ***Shaffer***, but the rest of her argument goes up in smoke.

The trial court in ***Shaffer*** did not award damages based upon a theory of unjust enrichment or impose a constructive trust. Instead, the plaintiffs in ***Shaffer*** sought declaratory judgment. Thus, the procedural posture of that case differs from Ms. Allen's. If she had pleaded a cause of action for declaratory judgment, Ms. Allen might well be entitled to judgment as a matter of law under ***Shaffer***. But the fact remains that she did not, and we may not grant her relief based upon a cause of action that she did not include in her Complaint. Where a plaintiff potentially makes out an equitable theory but "did not allege such a theory in [the] complaint, we . . . will not consider such a claim." ***Mitchell***, 729 A.2d at 1205 n.3; ***see also Gavasto v. 21st Century Indem. Ins. Co.***, 1625 WDA 2019, 2021 WL 754026, at *8 n.9 (Pa. Super. 2021) (unpublished) (accord). ***Shaffer*** is inapplicable to Ms. Allen's counts for unjust enrichment and constructive trust.

To mount this appeal – indeed, to overcome Mr. Prentiss's motion for summary judgment – Ms. Allen needed to focus on the elements of the causes of action in her Complaint. As the trial court observed, Ms. Allen failed to "challenge the foundation of the court's Opinion filed on July 8, 2020, namely that [she could not] support a case of unjust enrichment when an express contract existed between herself and [Mr. Prentiss]." Rule 1925(a) Opinion, 9/9/20, at 3. "The [trial] court also found that [Ms. Allen] could not support her claim for a constructive trust when there was no finding of unjust enrichment." *Id.* Ms. Allen should have confronted those conclusions of law on appeal and needed to demonstrate why they were in error. Because she did not raise those issues for appellate review, nor were they fairly suggested by the single issue that Ms. Allen raised, we may not review them. *See* Pa.R.A.P. 2116.

In short, Ms. Allen has not asked whether trial court erroneously applied the equitable principles of unjust enrichment and constructive trust to the evidence of record.[5] And we may not raise those questions *sua sponte*.

Order affirmed.

_____

[5] As Circuit Judge Hardiman recently reminded appellate attorneys, "an appeal is not just the procedural next step in every lawsuit, and the decision to challenge an order of the [lower] court is not a matter to be taken lightly." *Conboy v. United States Small Bus. Admin.*, ___ F.3d ___, 2021 WL 1081089, at *1 (3d Cir. 2021) (quotations omitted). Those who lose in the trial court must ask themselves not only whether they should file an appeal, but if so, *what* are they appealing? Raising the proper issues is a critical component of appellate practice.

President Judge Emeritus Bender joins the Memorandum.

Judge Pellegrini concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/21